The decree granting partial distribution is affirmed.

Plummer, J., and Pullen, P. J., concurred.

[Civ. No. 9881. First Appellate District, Division One.—August 19, 1936.]

DOMINGO LERMA, Respondent, v. J. B. FLORES, Appellant.

 · 

James W. Hughes and Carlos R. Freitas for Appellant.

Martinelli & Gardiner, Jordran L. Martinelli and Samuel W. Gardiner for Respondent.

THE COURT.—Plaintiff brought suit for damages, alleging that he employed defendant to transport him and his goods by motor truck from San Lorenzo to Point Reyes in Marin County for a consideration of $20. He further alleged negligence in the operation of the truck, as the result of which he suffered bodily injury. These allegations were denied by the defendant. Later, upon motion, plaintiff filed an amendment to his complaint, alleging in substance that defendant agreed for the consideration mentioned to transport plaintiff's furniture, and had loaded the same, whereupon the defendant invited plaintiff to ride upon the truck to its destination for the accommodation of defendant in that plaintiff might direct the defendant as to the route to be followed and furnish assistance in unloading the truck, to which plaintiff agreed; further, that defendant's operation of the truck was so careless and reckless as to constitute misconduct, due to which plaintiff suffered the injury and damage claimed.

A trial by jury was waived, and the trial court found generally in accordance with the allegations of the complaint as amended, except that defendant was not guilty of wilful misconduct in the operation of the truck. It was specifically found that "defendant invited plaintiff to ride upon said truck, and that plaintiff did ride thereon without paying a tangible consideration therefor, but partly for the accommodation and benefit of plaintiff and partly for the purpose of guiding the defendant along the highway and enabling defendant to pursue an economical and short course to his destination; and the court further finds that plaintiff did assist and guide defendant in said manner along the highway traversed until the accident, and that defendant stopped his truck several times along the route to obtain and did

thereupon obtain directions from plaintiff''. The court concluded that plaintiff was a passenger and the business invitee of the defendant, and entered judgment against the latter.

Defendant, who has appealed, contends that certain of the findings and conclusions of the trial court are unsupported. The plaintiff testified to the agreement as alleged, and that on three occasions—once immediately preceding and twice during the journey—he advised the defendant, at the latter's request, as to the condition of the roads and grades which they were to traverse and the route which they should follow. The defendant insists that these facts show that plaintiff was merely a guest within the rule declared in *Crawford* v. *Herzog,* 3 Cal. App. (2d) 705 [40 Pac. (2d) 954]; and the court having found that there was no wilful misconduct in the operation of the truck, the plaintiff cannot recover.

In the above case, however, the court stated in its opinion that the plaintiff and the defendant with another person were riding in defendant's car on their way to inspect certain mining property in which a fourth party was interested. The court said: ''No one of them was buying or selling the property nor any interest therein to the other, and no money or other valuable thing passed to the defendant from either by way of compensation. The theoretical consideration paid by plaintiff so as to make him a passenger rather than a guest he asserted to be the value of his services as a guide to help defendant find the property.'' The court further stated that the transaction, so far as disclosed by the evidence, ''bore *indicia* of a joint venture, the details of which are not furnished us''. Whatever the rule where there is no express agreement to render services in return for transportation, which appears to have been the fact in the case cited, where it is agreed that one of the parties shall be carried in consideration of the rendition of services of the kind here alleged the benefit conferred was sufficient to support a contract of carriage, and was compensation excluding the passenger from the operation of section 141¾ of the California Vehicle Act. The consideration may be any benefit conferred or any detriment suffered (Civ. Code, sec. 1605), and the law will not enter into an inquiry as to its adequacy. (*Whelan* v. *Swain,* 132 Cal. 389 [64 Pac. 560]; *Rusconi* v.

*California Fruit Exchange,* 100 Cal. App. 750, 754 [281 Pac. 84] ; *Seth* v. *Lew Hing,* 125 Cal. App. 729 [14 Pac. (2d) 537, 15 Pac. (2d) 190] ; *Marsh* v. *Lott,* 8 Cal. App. 384, 389 [97 Pac. 163] ; Williston, Contracts, 2d ed., sec. 115.) Moreover, where the agreed consideration has been accepted, the acceptance constitutes a waiver of any claim of inadequacy (*Nicholson* v. *Tarpey,* 70 Cal. 608 [12 Pac. 778]) ; and the rule applies to the acceptance of services bargained for even though valueless in fact. (*Peterson* v. *Binnard,* 219 Cal. 141 [25 Pac. (2d) 834].)

The facts bring the present case within the rule declared in the following decisions, namely : *Crawford* v. *Foster,* 110 Cal. App. 81 [293 Pac. 841] ; *Sullivan* v. *Richardson,* 119 Cal. App. 367 [6 Pac. (2d) 567] ; *Woodman* v. *Hemet Union High School Dist.,* 136 Cal. App. 544 [29 Pac. (2d) 257] ; *Riley* v. *Berkeley Motors Inc.,* 1 Cal. App. (2d) 217 [36 Pac. (2d) 398] ; *Haney* v. *Takakura,* 2 Cal. App. (2d) 1 [37 Pac. (2d) 170] ; and the conclusion that the plaintiff was a passenger and not a guest is fairly supported.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 15, 1936.