[S. F. No. 15801. In Bank.—July 24, 1937.]

MAY E. WALKER, Respondent, v. STELLA H. ADAMSON, Appellant.

Decoto and St. Sure for Appellant.

A. B. Bianchi, Bianchi & Hyman and Augustin Donovan for Respondent.

SHENK, J.—This is an appeal by the defendant from a judgment for the plaintiff in an action for damages arising out of an automobile accident. It is companion to the case of *McCann* v. *Hoffman*, S. F. No. 15802 (*ante*, p. 279 [70 Pac. (2d) 909]), this day decided. Both cases involve the question of what constitutes compensation within the meaning of the so-called "guest" law of this state. (Sec. 141¾, Stats. 1931, p. 1693, now sec. 403, Vehicle Code.)

The plaintiff's injuries were sustained when the automobile driven by the defendant skidded on wet pavement while the parties were on a trip to Lake Tahoe. The undisputed evidence was that the plaintiff, Dr. May E. Walker, and the

defendant, Stella H. Adamson, about the year 1925 became business associates. They acquired real property near Mt. Diablo. They also purchased real property at Lake Tahoe, the improvements on which were two main houses and guest cottages. These houses were rented in the summer-time, and the proceeds were divided equally. The expense of repairs and upkeep was also shared equally. The two made several trips together each year to the property to supervise construction, repair and opening of the houses for the rental season. Each owned an automobile. On these trips it was their custom to alternate the use of their cars. Concededly the trip in question, started on May 26, 1934, was for the purpose of taking hardware and other material to carpenters who were then engaged in constructing a guest cottage, also for the purpose of supervising construction and repairs and the renting of the property. Mrs. Adamson drove her own automobile. At the commencement of the trip Dr. Walker gave Mrs. Adamson $50 to be used for the purpose of defraying expenses of the trip.

There is no contention that the defendant's acts amounted to wilful misconduct. The question then to be considered is whether the plaintiff was riding as a guest or as a passenger.

The discussion and the authorities cited in the opinion in the case of *McCann* v. *Hoffman, supra,* compel the conclusion that the evidence supports the verdict on the theory that the parties were engaged on a business venture for their mutual advantage and that the plaintiff was therefore a person who had given compensation for the transportation and not a guest.

It is contended that the evidence does not sustain an implied finding that the skidding of the automobile on the pavement wet from a drizzling rain was due to the negligence of the defendant. However, when it is considered that the tires on the rear wheels of the car, which was a Cadillac, were worn smooth; that that fact was known by the defendant but not by the plaintiff; that the defendant shortly prior to the accident increased the speed of the car; that the automobile skidded for 363 feet, turned completely around and landed in a ditch; that it tore down a 10-inch telephone pole and 15 feet of wire fencing; that the spare tire, gasoline tank, top, right fenders and running board were torn off

and the front side demolished; and that the force was such that the plaintiff's back was wedged jack-knife fashion a distance of 25 inches through a 15-inch opening in the right rear door, we must conclude that the verdict is supported on the issues of negligence and contributory negligence. (*Bree* v. *Lamb*, 120 Conn. 1 [178 Atl. 919].)

There is no showing of passion or prejudice on the part of the jury in arriving at the amount of the $25,000 verdict, and we cannot say that the amount thereof was excessive as a matter of law.

Neither is there any merit in the contention that where the parties were engaged on a joint venture the negligence of one is imputable to the other who was injured as a result thereof. The controversy has long been settled adversely to the contention. Such negligence is not imputable unless there is evidence, which is lacking in this record, that the passenger had joint control of the operation of the vehicle. (*Bryant* v. *Pacific Elec. Ry. Co.*, 174 Cal. 737 [164 Pac. 385]; *Peccolo* v. *City of Los Angeles*, 8 Cal. (2d) 532 [66 Pac. (2d) 651]; *Williamson* v. *Fitzgerald*, 116 Cal. App. 19 [2 Pac. (2d) 201]; *Wessling* v. *Southern Pac. Co.*, 116 Cal. App. 455 [3 Pac. (2d) 25]; *Thompson* v. *Farrand*, 217 Iowa, 160 [251 N. W. 44]; *O'Brien* v. *Woldson*, 149 Wash. 192 [270 Pac. 304, 62 A. L. R. 436].)

The judgment is affirmed.

Edmonds, J., Curtis, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.