[Civ. No. 11742.   Second Appellate District, Division One.—April 20, 1939.]

MINNIE STEPHEN, Respondent, v. WILLIAM SPAUL-DING et al., Appellants.

George L. Greer for Appellants.

James E. Pawson for Respondent.

WHITE, J.—This is an appeal by defendants from a judgment in favor of plaintiff that involves primarily the question of the liability of a driver of an automobile for injuries to another riding with such driver, under the so-called "guest" law (sec. 403, Vehicle Code).

Epitomized, the facts are that plaintiff and two other women, accompanied by defendant Mrs. Spaulding, were riding in an automobile belonging to the defendants Mr. and Mrs. Spaulding and driven by their daughter, defendant Barbara Spaulding. The party was journeying to Laguna Beach to attend a bridge party, and as between plaintiff and defendant Mrs. Spaulding there was a tacit and mutual understanding that the cost of gasoline used on the trip was to be shared between them. While en route between Long Beach and Laguna Beach the accident in question occurred, when the auto driven by Barbara Spaulding collided with another automobile that had stopped in front of it.

It is conceded that the driver of the automobile was not guilty of wilful misconduct or intoxication. Therefore recovery by plaintiff is dependent upon whether at the time of the accident she was riding in the capacity of a passenger or a guest. If plaintiff's status was that of a guest she cannot recover in the absence of the elements of wilful misconduct or intoxication on the part of the driver. Assuming the correctness of respondent's claim that the driver, Barbara Spaulding, was the agent of her mother, defendant Mrs. Spaulding, it requires no citation of authority for the statement that plaintiff's right to recover was nevertheless

based upon the measure of care owed her on the part of the principal, Mrs. Spaulding. If plaintiff was a guest of Mrs. Spaulding while riding in the latter's automobile, then plaintiff's right of recovery is gauged by the provisions of the "guest" statute, regardless of whether Mrs. Spaulding was actually driving or exercising the control or the right to control her daughter, who was operating the car. The existence of liability on the part of the principal for the negligent acts of an agent is determined by the status of the injured party with reference to the principal and the nature of the latter's duty or obligation to the former. An automobile owner riding with a guest in an automobile driven by such owner's chauffeur or agent is only liable for such acts of the agent as the principal would be primarily liable for if his personal conduct in connection with the operation of the car were the issue. It follows, therefore, that if plaintiff was a guest, then unless the driver was guilty of wilful misconduct or intoxication, the principal, Mrs. Spaulding, whose liability was secondary, cannot be held. ▇ Respondent's contention that Mrs. Spaulding's action in "turning over of the dangerous instrumentality to a minor lacking in experience" constituted wilful misconduct on the part of the mother, is without merit under the facts of this case.

▇ It is now the settled and established law of this state that the sharing of the cost of gasoline consumed on a trip, when the trip, like the one here in question, is taken for pleasure or social purposes, is nothing more than the exchange of social amenities, and as said in *McCann* v. *Hoffman*, 9 Cal. (2d) 279, 285 [70 Pac. (2d) 909], "does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation or compensation within the meaning of the statute. It is obvious that if a different result obtained under any construction of the statute, its purpose would be defeated and its effect annulled. The relationships which will give rise to the status of a passenger must confer a benefit of a tangible nature and are limited."

▇ Respondent's contentions, in the light of the facts of this case, find a complete and decisive answer in *McCann* v. *Hoffman*, *supra*, and *Rogers* v. *Vreeland*, 16 Cal. App. (2d) 364 [60 Pac. (2d) 585]. The only conclusion supported by the record in the present case is that the sole purpose of

the contemplated trip was the joint pleasure of the parties. The judgment of the trial court in favor of plaintiff was therefore erroneous.

For the foregoing reasons the judgment is reversed and the cause remanded with directions to the court below to enter judgment in favor of appellants.

York, P. J., and Doran, J., concurred.