[L. A. No. 17817.   In Bank.   Feb. 6, 1942.]

GEORGE DRUZANICH, Appellant, v. DOROTHY CRILEY et al., Respondents.

Edward M. Raskin and Belmore D. Goulden for Appellant.

Joe Crider, Jr., and John J. Ford for Respondents.

THE COURT.—Plaintiff appeals from a judgment in favor of defendants after trial by the court without a jury. The action was brought against the operator and the owners of an automobile by an occupant thereof to recover damages for personal injuries. The third amended complaint contained three causes of action, the first two of which were abandoned

at the trial. It was alleged in the third cause of action that plaintiff was a "passenger" in the automobile and that defendant Dorothy Criley was negligent in its operation. The trial court found that plaintiff was not a "passenger" but was riding in the automobile as a "guest without giving compensation for such ride." It further found that the defendant driver was free from negligence in the operation of the car in which plaintiff was riding at the time he sustained his injury.

From the above statements it may be seen that this case involves a problem already considered in the case of *White-chat* v. *Guyette*, L. A. No. 17813, *ante*, p. 428 [122 Pac. (2d) 47], filed today, viz., the meaning of the phrase "without giving compensation" as used in section 403 of the Vehicle Code.

Appellant and respondent Dorothy Criley were delegates to a conference in Los Angeles of the United Cannery and Agricultural Workers of America, a labor union affiliated with the C. I. O. The conference was called by District No. 2 of this union for the purpose of forming a set of rules and the policy for this district, which comprises California, Nevada and Arizona. The parties were delegates from separate branches of the same local.. The means of transportation to the conference were discussed in the union office in Sunnyvale. Those present were appellant, respondents Dorothy and Richard Criley, Lloyd Lehman, another delegate, and Luke Hinman, who apparently was not a delegate but who desired to go to Los Angeles. Dorothy Criley asked her husband Richard if he would let her use their car so that they could all go together. Criley said that he didn't feel that she should use the car and drive all the way to Los Angeles, but if the others would assist her in driving, she could have the car.. The parties all agreed to this, and they started that evening. Dorothy Criley drove from Sunnyvale to King City; appellant drove from there to Santa Maria; Hinman from Santa Maria to Santa Barbara, where respondent Dorothy Criley again took the wheel and drove until the time of the accident. There was no definite schedule or plan as to distances each was to drive, and the shifts were made as each driver felt in need of a rest. Lehman, who was to attend an early conference, did not drive at all.

The accident occurred at about 7:30 o'clock in the morning. Appellant was in the back seat and because he was dozing at the time, his testimony is of little aid as to the

events leading up to or the cause of the accident. Respondent Dorothy Criley didn't testify at the trial, but according to her deposition she was driving at a speed of fifty or fifty-five miles an hour and came to a left curve. She was sleepy because of the all-night ride and blinked her eyes on the curve. The car was traveling on the outer lane and the wheels hit a soft shoulder. Respondent lost control and the car went over an embankment, turning over several times. Appellant was thrown out of the car and suffered the personal injuries for which he now seeks to recover damages.

■ Appellant first argues that he had given "compensation" for the ride within the meaning of section 403 of the Vehicle Code and was thus a "passenger," who could recover if the driver was negligent, because the parties were engaged in a business venture for their mutual advantage and traveling in contemplation of their mutual business. This same contention was made by the respondents in the Whitechat case, *supra,* and we there held that the relationship between the driver and the deceased was not such as to bring the case within that group of cases headed by *Walker* v. *Adamson,* 9 Cal. (2d) 287 [70 Pac. (2d) 914], which stands for the above-mentioned proposition. The relationship in the Whitechat case differs from that presented here in that in the former case the driver, although a member of the Young Men's Institute, was not required to attend the meeting in Stockton, whereas in the instant case both parties were delegates to the conference. However, the instant case still does not come within the *Walker* v. *Adamson* classification. It is true that both parties desired or, as delegates, were required to attend the conference. It is also true that each would be benefited by individual attendance. However, the attendance of one was not necessary for the enjoyment of the benefits of attendance by the other. This being so, it becomes immaterial whether the conference was of a business or social nature. The case of *Doherty* v. *Edwards,* 227 Iowa 1264 [290 N. W. 672], is illustrative of that type of situation in which it may be said that compensation was given because the trip was an integral part of a business venture for the mutual advantage of the parties. There the driver was a supervisor of federal loans and the occupant was interested in borrowing some money. The court stated that "Presumably the presence of both was necessary." In the instant case either the appellant or respondent Dorothy Criley could have

enjoyed the benefits of the conference without the presence of the other. The fact that the parties were both interested in the general objective of the trip, *viz.,* the attending of the conference, is not the controlling factor. If an attorney were transporting a client to a place where the client's case was to be heard, then it might be said that the client would be a "passenger" and not a "guest" who had not given compensation, but if two attorneys were riding to a certain point in a car owned by one for the purpose of appearing on different matters in the same court, no such relationship would exist unless some tangible benefit had passed from one to the other.

The qualification of the last statement brings us to the second contention of appellant. That contention is that the promise to aid in the driving was sufficient to take him out of the category of a "guest" who had not given compensation. In opposition to this respondents argue that this sharing in the driving was merely incidental and analogous to the sharing of expenses as in *McCann* v. *Hoffman,* 9 Cal. (2d) 279 [70 Pac. (2d) 909]. Cases may arise in which a sharing of the driving might be a "courtesy of the road" and thus not of sufficient benefit to be considered compensation, but this is not true in the instant case. Reference to the testimony of both parties in regard to the conversation prior to the trip shows that the offer to transport appellant was conditional upon his sharing in the driving. This appellant agreed to do, and it was just as much payment for transportation as a railroad fare. Respondent Dorothy Criley desired to take her husband's car to Los Angeles, but she could not do so unless appellant and the others promised to share in the driving. Appellant's promise then was the "special tangible benefit" which was the "motivating influence for furnishing the transportation" referred to in the McCann case, *supra,* at page 286, and must be termed compensation. The instant case cannot be distinguished from the case of *Lerma* v. *Flores,* 16 Cal. App. (2d) 128 [60 Pac. (2d) 546], wherein the plaintiff was invited by the defendant to ride with him so that he [plaintiff] might show the defendant which route they should follow. Nor does it differ materially from the case of *Haney* v. *Takakura,* 2 Cal. App. (2d) 1 [37 Pac. (2d) 170], in which the plaintiff, who had experience in selling oranges, was asked to accompany the defendant driver into town to aid the defendant in selling his crop of oranges. In each case there was a special tangible benefit passing from the occupant to the

driver which was sufficient to be termed compensation within the meaning of section 403 of the Vehicle Code. The case of *Mayer* v. *Puryear,* 115 Fed. (2d) 675 (C. C. A. 4th, 1940), cited by respondents, is clearly distinguishable in that there the furnishing of transportation was not made conditional upon the sharing in the driving. We are, therefore, of the opinion that the trial court erred in finding that appellant was not a "passenger" but was riding in the automobile as a "guest without giving compensation for such ride." However, this conclusion is not sufficient to compel a reversal of the judgment unless it can be said that the trial court also erred in finding that the accident was not proximately due to negligence on the part of respondent Dorothy Criley.

In support of his contention that the trial court erred in finding respondent Dorothy Criley free from negligence, appellant urges that the doctrine of *res ipsa loquitur* should have been applied to the instant situation and that the purported "explanation" of the cause of the accident offered by said respondent was, as a matter of law, insufficient to rebut the inference of negligence created by the application of that doctrine. Under the circumstances here presented, viz., the instrumentality being in the exclusive control of said respondent; the accident being such that in the ordinary course of things it would not have happened if the respondent driver had used proper care; and the injury having occurred without voluntary action on the part of appellant, the *res ipsa loquitur* doctrine must be held to have been applicable. (See *Godfrey* v. *Brown,* 220 Cal. 57 [29 Pac. (2d) 165, 93 A. L. R. 1092]; *Ellis* v. *Jewett,* 18 Cal. App. (2d) 629 [64 Pac. (2d) 432]; *Cookson* v. *Fitch,* 116 Cal. App. 544 [3 Pac. (2d) 27]; *Queirolo* v. *Pacific Gas & Elec. Co.,* 114 Cal. App. 610 [300 Pac. 487]; *Ireland* v. *Marsden,* 108 Cal. App. 632 [291 Pac. 912]; *Crooks* v. *White,* 107 Cal. App. 304 [290 Pac. 497]; *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877].)

The application of the doctrine does not give a plaintiff an absolute right to a judgment in every case. (*Raymer* v. *Vandenbergh,* 10 Cal. App. (2d) 193 [51 Pac. (2d) 104]; *Nicol* v. *Geitler,* 188 Minn. 69 [247 N. W. 8]; *Sweeney* v. *Erving,* 228 U. S. 233 [33 Sup. Ct. 416, 57 L. Ed. 815].) It does not shift the burden of proof, and when the defendant produces evidence to rebut the inference of negligence, it is ordinarily a question of fact whether the inference has been dispelled. (*Anderson* v. *I. M. Jameson Corp.,* 7 Cal. (2d) 60 [59 Pac. (2d) 962]; *Scarborough* v. *Urgo,* 191 Cal.

341 [216 Pac. 584]; *Ireland* v. *Marsden, supra; Crooks* v. *White, supra.*) However, the trier of fact cannot arbitrarily disregard the inference. As stated in *Ales* v. *Ryan,* 8 Cal. (2d) 82, 99 [64 Pac. (2d) 409]: "The rule is well settled by a multitude of decisions of the appellate courts of this state to the effect that the inference of negligence which is created by the rule *res ipsa loquitur* is in itself evidence which may not be disregarded by the jury and which in the absence of any other evidence as to negligence, necessitates a verdict in favor of the plaintiff. It is incumbent on the defendant to rebut the *prima facie* case so created by showing that he used the care required of him under the circumstances. The burden is cast upon the defendant to meet or overcome the *prima facie* case made against him."

█ In the instant case respondent Dorothy Criley's explanation in no way indicates that she was exercising due care while driving the car. On the contrary, it indicates a lack of due care. She testified that she was driving at a speed of 50 to 55 miles per hour; that she was sleepy because they had not slept all night; that she started around a left-hand curve on the outer lane; that she blinked her eyes on the curve; and that the car hit a soft shoulder and went over the embankment. Other evidence shows that the sun was shining and, insofar as appears from the record, the pavement was dry. The windshield on the car was clean and visibility ahead was clear. There is no evidence or even suggestion that there was any gravel or other substance on the pavement which would have caused the car to skid; that any tire on the car became flat or was in a condition other than normal; that the steering apparatus was not operating properly; or that the sun or anything else blinded the respondent driver. Nevertheless the car left the road with the result above mentioned. Automobiles when driven with due care and caution do not leave the highway under these circumstances. Respondent Dorothy Criley has failed completely to rebut the inference of negligence raised by the attending circumstances. Such failure necessitates a finding of negligence in accordance with the inference. (*Ales* v. *Ryan, supra; Seney* v. *Pickwick Stages, Northern Div.,* 206 Cal. 389 [274 Pac. 536]; *Ireland* v. *Marsden, supra.*) Therefore the trial court erred in finding said respondent free from negligence.

The judgment is reversed.

Gibson, C. J., did not participate herein.