[L. A. No. 21928.   In Bank.·  Sept. 4, 1951.]

ARTHUR M. WHITMORE et al., Respondents, v. HOWARD W. FRENCH et al., Appellants.

Thomas P. Menzies, Harold L. Watt and James O. White for Appellants.

Parker, Stanbury, Reese & McGee and White McGee, Jr., for Respondents.

GIBSON, C. J.—Plaintiffs, husband and wife, brought this action to recover damages for personal injuries sustained by them in an accident in Yosemite National Park while they were riding in an automobile owned by defendants, Mr. and Mrs. French, and driven by Mr. French. The jury returned a verdict for plaintiffs, and defendants have appealed from the judgment.

The sole question to be decided is whether the trial court erred in refusing to give instructions requested by defendants as to their liability under section 403 of the Vehicle Code,* commonly known as the "guest law." It is clear that the statute is operative within Yosemite National Park, which is located entirely within the State of California. Congress has provided that in an action to recover for personal injuries sustained in a national park "the rights of the parties shall be governed by the laws of the state within the exterior boundaries of which it may be." (16 U.S.C.A. § 457.) There was no evidence that the accident resulted from the intoxication or wilful misconduct of the driver, and accordingly, we must determine whether the evidence established as a matter of law that plaintiffs gave compensation for the transportation furnished them by defendants.

---

*Section 403 provides as follows: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

The parties, who had been friends for many years, were taking an extended vacation trip from Missouri to the Pacific Coast. They visited the Royal Gorge in Colorado and other places of interest, and on the sixth day they had reached Yosemite National Park where the accident occurred. They had planned to go to Lake Tahoe and Oregon before returning home. In making arrangements for the trip, the parties agreed that they would be accompanied by defendants' two sons, 12 and 14 years old, that defendants would furnish the car, and that each couple would contribute an equal amount to a common fund, out of which all expenses, such as gasoline, oil, meals, lodging, and sightseeing, would be paid. Each couple put $100 into the common fund as an initial contribution. Mr. French did all of the driving, and Mr. Whitmore procured maps and made suggestions as to the route to be followed.

The designations "passenger" and "guest" have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 403 of the Vehicle Code from one carried gratuitously. (*Kruzie* v. *Sanders*, 23 Cal.2d 237, 241 [143 P.2d 704].) A person who accepts a ride does not cease to be guest and become a passenger merely by extending customary courtesies of the road, such as paying bridge or ferry tolls (see Rest., Torts, § 490, comment a), and it has been held that the sharing of expenses does not destroy the host and guest relationship if nothing more is involved than the exchange of social amenities and reciprocal hospitality. (*McCann* v. *Hoffman*, 9 Cal.2d 279 [70 P.2d 909].) Where, however, the driver receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence. (See *Kruzie* v. *Sanders*, 23 Cal.2d 237 [143 P.2d 704]; *Druzanich* v. *Criley*, 19 Cal.2d 439 [122 P.2d 53]; *Whitechat* v. *Guyette*, 19 Cal.2d 428 [122 P.2d 47]; *Walker* v. *Adamson*, 9 Cal.2d 287 [70 P.2d 914]; *Kertstetter* v. *Elfman*, 327 Pa. 17 [192 A. 663, 664-666].) This is, of course, true whether the trip is for the joint pleasure of the participants or is of a nonsocial nature.

In the present case the evidence is without substantial conflict, and in our opinion the trial judge, who the record shows gave careful consideration to the problem, correctly determined that the only reasonable inference that could be drawn from the evidence was that plaintiffs gave compensation

for their transportation. It is obvious that something more was involved in the arrangements for the trip than a mere exchange of social amentities, and it cannot be disputed that plaintiffs made a substantial contribution toward the cost of the journey. The financial arrangements were definite and businesslike and resulted in a tangible benefit to defendants, a cash payment was made into the common fund by plaintiffs before the commencement of the journey, and in addition to sharing the cost of the operation of the car and the expenses of the two couples, plaintiffs obligated themselves to pay one-half the cost of the food, lodging, and sightseeing for defendants' two sons on an extended trip which might last two or three weeks. The evidence establishes as a matter of law that plaintiffs compensated defendants for the ride, and the requested instructions were, therefore, properly refused.

The judgment is affirmed.

Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. In my view the evidence does not establish as a matter of law that plaintiffs compensated defendants for the trip in question. The majority opinion does not expressly state that it is departing from the general precepts, announced in *McCann v. Hoffman* (1937), 9 Cal.2d 279, 286 [70 P.2d 909], that "where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure."

What are the salient differences between the facts of the McCann case, where it was held that plaintiffs as a matter of law did not give compensation, and the facts of this case, where it is held that plaintiffs as a matter of law did give compensation? There, as here, two couples, friends, went on a pleasure trip in defendants' automobile and shared the expenses of gasoline and oil, lodging and meals. There the trip was to be for a few days; here the trip "might last two or three weeks" (majority opinion, p. 747). There the two defendants and the two plaintiffs tacitly understood that they

would share expenses equally. Here the two plaintiffs and the two defendants expressly agreed that each would pay one half the expenses, although four Frenches and only two Whitmores were making the trip. It was at Mr. Whitmore's insistence that the expenses were not divided per capita; this was because he had poor eyesight and therefore desired, and it was agreed, that Mr. French take the Frenches' car and do all the driving.

There is nothing in the length of the trip or the express agreement as to division of expenses and driving of the Frenches' car by Mr. French which establishes as a matter law that the plaintiffs' payment of more than their per capita share of the expenses was an influence which motivated the defendants in taking the plaintiffs on the vacation trip. The Restatement of Torts (§ 490, comment a; see scope note to chap. 19, p. 1292) states that "if there is a prior arrangement that there shall be a substantial sharing of the expenses, the host and guest relation does not exist." This has not been the law of California. (*Rogers* v. *Vreeland* (1936), 16 Cal.App. 2d 364, 367 [60 P.2d 585] [express agreement to share expenses on a pleasure trip as a matter of law was not compensation]; *Stephen* v. *Spaulding* (1939), 32 Cal.App.2d 326, 328 [89 P.2d 683] [as in *McCann* v. *Hoffman* (1937), *supra*, 9 Cal.2d 279, there was a tacit, mutual understanding that plaintiff and defendant would share expenses of a pleasure trip; held, as a matter of law defendant was a guest, not a passenger]; *Fiske* v. *Wilkie* (1945), 67 Cal.App.2d 440, 446 [154 P.2d 725] [Garden Club trip; no express arrangement as to the particular trip but "it is understood with the Garden Club when we take these trips" that the riders pay for all the gasoline; as a matter of law the riders are guests]; *Whitechat* v. *Guyett* (1942), 19 Cal.2d 428, 435 [122 P.2d 47] [defendant testified that he agreed to make a trip from Fresno to Stockton before any mention of compensation was made and solely for friendship; but he also testified that $5.00 he received from his riders was "for driving up there"; held, question of fact as to whether the $5.00 was compensation or mere sharing of expenses].)

It is my opinion that the evidence here, as in the Whitechat case, *supra*, presented a question for the trier of fact as to whether the defendants took the plaintiffs on the vacation trip primarily because the parties were friends who wished to enjoy the trip together or primarily because the plaintiffs agreed to pay more than their per capita share of the travel-

ing expenses. Therefore, the failure to instruct as to defendants' liability under the guest law (Veh. Code, § 403) was prejudicial error.

Edmonds, J., concurred.