354

Charles E. COREY and Violet Corey, husband and wife, and Charlotte E. Lavender, Appellants,

v.

Richard L. NELSON, Administrator de bonis non and Personal Representative of Gail Nelson, deceased, Appellee.

No. 20739.

United States Court of Appeals Ninth Circuit.

May 16, 1966.

George Hibbard, Hibbard, Jacobs, Caldwell & Kincart, Oregon City, Or., for appellants.

Jerard S. Weigler, Krause, Lindsay & Nahstoll, Portland, Or., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BEEKS, District Judge.

PER CURIAM:

This is an action for wrongful death instituted by the husband of the deceased Gail Nelson as the personal representative of her estate. Jurisdiction of the trial court was based on 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291.

The sole issue involved on this appeal is the proper application of the California "host-guest" statute (California Vehicle Code § 17158). The trial court decided as a matter of law that plaintiff's decedent was not a "guest" within the meaning of the statute, and refused to submit that issue to the jury for is determination. Upon a verdict in favor of plaintiff the defendants have appealed.

Decedent was killed in an automobile accident which occurred in the State of California. The car in which she was a passenger was owned by defendants Charles and Violet Corey, brother-in-law and sister, respectively, of decedent. At the time of the accident it was being driven by Mrs. Charlotte Lavender, decedent's niece and the Coreys' daughter. The Coreys and Mrs. Lavender are residents of Oregon. Plaintiff is a resident of Washington. The purpose of the trip was to attend the wedding of the brother of Mrs. Corey and decedent and to visit other relatives in California. Both Mrs. Corey and Mrs. Lavender testified that Mrs. Corey initially intended to make the trip by plane and that Mr. Corey wanted her to do so. When Mrs. Lavender and decedent also wanted to make the trip all parties agreed that Mrs. Corey would take them with her in the Corey car only if they paid $20.00 each to defray gas and oil expenses. Both testified that the decedent was told that Mrs. Corey would make the trip alone by plane unless the decedent and Mrs. Lavender made such payment. Mrs. Corey and Mrs. Lavender presented the only testimony as to the travel arrangements. There is no evidence to the contrary. Nor is there any evidence from which contrary inferences of fact could reasonably be drawn. Under such circumstances, an issue of law was tendered to the trial court which it was obligated to decide and which it did decide correctly. Wong v. Swier, 267 F.2d 749 (9th Cir. 1959); Whitmore v. French, 37 Cal.2d 744, 235 P.2d 3 (1951).

Affirmed.