[Civ. No. 10383. First Appellate District, Division Two.—August 24, 1937.]

WALTER YATES, Respondent, v. J. H. KRUMLINDE & COMPANY (a Copartnership) et al., Appellants.

James H. Phillips and Cooley, Crowley & Supple for Appellants.

Charles B. Morris, John T. McCarthy and J. Bruce Fratis for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by defendants from a judgment for personal injuries entered pursuant to the verdict of a jury.

Plaintiff and respondent had previously been employed by appellant J. H. Krumlinde & Company, a copartnership, and on August 7, 1934, he went to the plant of the copartnership in San Francisco, seeking reemployment. He was not employed that day but rode to South San Francisco with appellant Lotti, one of the members of the copartnership, upon a truck driven by Lotti and in South San Francisco received the injuries for which judgment was entered in this action.

One of the defenses was that respondent was a guest within the meaning of section 141¾ of the California Vehicle Act. (Stats. 1931, p. 1693.) The evidence was in flat conflict as to the circumstances preceding respondent's going with Lotti on the truck and what occurred thereafter. Respondent testified that he had helped Lotti load the truck; that when Lotti was about to start for South San Francisco, Lotti said to respondent: "Do you want to take a ride to South City?" to which respondent answered: "Yes"; that on the way to South San Francisco at Lotti's request respondent helped Lotti unload some shingles from the truck; that when they arrived at the plant of the Edwards Wire Rope Company, where the balance of the load was to be delivered, Lotti asked respondent to guide him through some gates and around a tank and while respondent pursuant to this request was on the running board of the truck one of the gates swung against respondent's leg causing the injury complained of.

Lotti on the other hand testified that respondent did not help him load the truck; that he did not ask respondent to ride with him to South San Francisco, but on the contrary, respondent said: "I think I will take a ride," to which Lotti answered: "O.K. Let's go"; that respondent did help Lotti unload some shingles en route but that Lotti did not ask him to do so; and that Lotti did not ask respondent to help him through the gates and past the tank.

 The court refused an instruction proposed by appellants in the following language:

"You are instructed that if you believe from the evidence that the plaintiff, Walter Yates, rode on the automobile truck of the defendants solely for his own pleasure and benefit, and any help or assistance that he may have given to the defendants or either of them was volunteered by the plaintiff, then you are instructed that the plaintiff herein was a guest

at the time and place of this accident and was not a passenger for compensation."

The court also gave at respondent's request three instructions, Nos. XXXIV, XXXV and XXXVII in each of which the jury was informed in varying language that if respondent conferred any benefit upon the driver of the truck or upon the defendants other than the mere pleasure of his company he was not a guest but a passenger for compensation.

We are satisfied that the refusal to give appellant's proposed instruction and the giving of the three instructions noted was error prejudicial to appellants.

■ The so-called guest law has recently been clarified in two decisions of the Supreme Court: *McCann* v. *Hoffman,* 9 Cal. (2d) 279 [70 Pac. (2d) 909] and *Walker* v. *Adamson,* 9 Cal. (2d) 287 [70 Pac. (2d) 914]. Under those decisions we must now take it to be settled that if a person accepts a ride from another for his own pleasure he does not become a passenger for compensation merely because he may perform some incidental voluntary service en route. Under the instructions given the jury may have believed Lotti's testimony above set out *in toto* and still they would be bound to find that respondent was a passenger for compensation because he did confer a benefit upon Lotti other than the pleasure of his company when he helped him unload the shingles.

We take it as settled that if respondent went with Lotti for his own pleasure the mere fact that as a courtesy or social amenity he helped him unload the shingles, or helped him open the gates and pass through, would not standing alone change his status from guest to passenger for compensation. On the other hand if Lotti and respondent both had in mind respondent's assisting Lotti on the trip, or if Lotti's speech and conduct was such as to lead respondent, as a reasonable man, to believe that that was Lotti's purpose, the jury would be justified in finding that respondent was a passenger for compensation and not a guest.

The trial court evidently assumed, under the decisions theretofore rendered, that any benefit conferred on the driver would take the person carried out of the guest status. This assumption, while a natural one, was not correct as a matter of law under the recent decisions above cited, and appellants

were entitled to have the jury clearly instructed on the subject.

Respondent's criticism of appellants' proposed instruction as uncertain or indefinite in the use of the word "volunteered" we regard as unwarranted. The jury could have had no doubt of the meaning of the instruction and in our opinion the proposed instruction was correct as a matter of law.

Since the case may be retried we note other claims of error. The evidence most favorable to respondent showed that the entrance to the Edwards plant was through double gates each six feet nine inches wide; that Lotti asked respondent to help him through the gates and around a tank inside; that respondent opened the gate on the right and put a large rock against it to hold it open; that respondent then got on the right running board of the truck and Lotti started to drive through the gates at a speed of two or three miles an hour; that the right hand gate in some manner got free and started to swing toward the truck; that respondent seeing the gate swinging toward the truck "hollered" to Lotti to "whoa"; that respondent could have jumped from the running board before the gate struck him but believed Lotti would stop; that when Lotti did not stop respondent yelled "whoa" again and tried to jump off; that as he was trying to jump he looked into the cab and saw Lotti with both hands off the steering wheel leaning on his right elbow trying to fix the catch on the door; and that before respondent could jump, the gate swung against him.

Appellants claim that respondent was guilty of contributory negligence as a matter of law; that appellants were not guilty of any negligence; and that respondent's right to recover is barred by his assumption of risk in riding on the running board of the truck.

The last contention is answered by the cases holding that in the absence of statutory prohibition it is not negligence as a matter of law to ride on the running board of a motor vehicle. (*Ivancich* v. *Davies*, 186 Cal. 520 [199 Pac. 784]; *Strong* v. *Olsen*, 74 Cal. App. 518 [241 Pac. 107].)

On the questions of negligence and contributory negligence we think the case properly went to the jury. The case is close, but the jury could find Lotti negligent in taking his hands from the steering wheel and his eyes from the road and devoting his attention to the door while his truck was in

motion, and that but for the negligence he would have seen the gate or heard respondent's warning and brought the truck to a stop in time to avoid the injury. On the question of contributory negligence, while respondent by jumping earlier could have avoided the injury, it was for the jury to say whether as a person of ordinary prudence he was justified in remaining on the running board in the belief that Lotti would stop the truck.

Appellants' proposed instruction that if the casualty occurred solely by reason of a sudden gust of wind blowing the gate, without negligence on Lotti's part, plaintiff could not recover might well have been given.

Judgment reversed.

Spence, Acting P. J., and Sturtevant, J., concurred.