[Civ. No. 14116.   First Dist., Div. One.   Feb. 3, 1950.]

ANTHONY   J.   GOSSELIN, Appellant, v. MELVIN CHESTER HAWKINS et al., Respondents.

Harry W. Falk for Appellant.

Bronson, Bronson & McKinnon for Respondents.

BRAY, J.—From a judgment in favor of defendants entered upon a jury verdict, and after denial of motion for new trial, plaintiff appealed.

### QUESTION PRESENTED

Plaintiff's main contention is that as a matter of law the evidence shows (1) plaintiff was a passenger and not a guest in defendants' car; (2) that defendants were negligent; and (3) that plaintiff was not contributorily negligent nor did he assume the risk of injury.

### FACTS

Plaintiff in 1946 was in business in Eureka, selling and servicing automobile and truck tires at retail. He had held a franchise with defendant United States Rubber Company for the last nine years. Defendant Hawkins was a sales representative for United States Rubber Company, his territory extending from the Golden Gate Bridge north to the Oregon line. Hawkins called on plaintiff about once a month to take orders for new tires and retreading business. Plaintiff prepared to expand his business by taking on the agency for International Harvester and dealing in farm and industrial equipment. He had signed the franchise agreement in May, and left Eureka on September 4 to go to San Francisco and confer with International Harvester officials. He took the train to San Rafael, and then the bus to San Francisco. He arrived in San Francisco the morning of September 5 and his discussions with the officials continued through the 6th.

The evidence as to what happened on September 6 is rather sketchy, and conflicting on some points. Plaintiff testified that while in San Francisco he phoned United States Rubber Company to see about obtaining certain tires of which the supply was short; that Hawkins got on the wire, asked plaintiff to see him and hear about some new tires which were coming out, and after plaintiff said he lacked time, Hawkins suggested they have dinner together, after which he would drive plaintiff to San Rafael to catch the train there. Plaintiff testified that Hawkins picked him up around 4:30 p. m. at the International Harvester office, that they visited the Lambert Tire and Sales Company to see a new wheel aligning machine, and finally went to a restaurant on Lombard street.

According to plaintiff, Hawkins talked during the meal about the new tires to be brought out by United States Rubber Company, their prices, construction, and methods of interesting the public in them.

The next thing plaintiff remembers is being in Hawkins' car, proceeding toward San Rafael. He recalled that at a particular point approaching San Rafael he suggested that Hawkins drive slower. In general, however, he remembered Hawkins as driving in a normal manner. Plaintiff's next recollection was of waking up in a hospital later that evening, after the accident.

The train was scheduled to depart from San Rafael at 8 p. m. The two men were seen at the train station between 8 and 8 :30, at a time when the train had already left. After entering and being in the station for just a few minutes, they turned around and walked out again. Shortly thereafter they were found unconscious in the accident here involved, the car being found off the road against a tree in a residential district about 1 mile north of the San Rafael station.

Defendant Hawkins remembered nothing specific about the events of September 6 although he had a general recollection of having seen plaintiff in defendants' office. The United States Rubber Company sales manager for northern California testified that the two men were in his office on the 6th, discussing with him plaintiff's new activities and plaintiff's efforts to have more tires allocated to him. Plaintiff denied that such a meeting took place on the 6th, but to the extent that the conflict is material this court must assume the jury found as true the testimony of defendants' witnesses.

At the point where the accident occurred, the surface of the road was cracked and rough, not having been repaved since 1914. At that point the road turns left, but slopes to the right, the opposite of a banked highway curve. A telephone pole struck by the car was 12 inches from the curb. Witnesses estimated the speed of the car just before the accident as "a high rate of speed" and " 'tween sixty and seventy miles an hour." The extensive evidence concerning plaintiff's injuries and medical expenses is not material on this appeal and will not be set forth.

### LEGAL ISSUES

The parties agree that one who is simply a guest cannot recover unless he shows the driver to have been guilty of wilful misconduct, whereas one who is a passenger (invited to ride

because of an advantage to the driver) can recover if the driver was simply negligent. Furthermore, plaintiff concedes that the jury could reasonably have found that Hawkins was *not* guilty of wilful misconduct.

### GUEST OR PASSENGER?

In its instructions, the court properly defined "passenger" and "guest" and the degree of care due to each. The jury impliedly found that plaintiff was a guest and not a passenger. Plaintiff contends that the evidence shows, as a matter of law, that he was a passenger and likewise as a matter of law that he did not assume the risk nor was he contributorily negligent. ■ Defendants contend that plaintiff cannot raise the question as to whether he was a passenger on appeal for the reason that at the trial the issue was treated as one of fact for the jury, and at no time did plaintiff request a ruling on it from the trial court. Assuming, without deciding, that his contention is correct, we still have to examine the record to see if there is any substantial evidence to support the jury's finding. (*Herbert* v. *Lankershim,* 9 Cal.2d 409 [71 P.2d 220]; *Huetter* v. *Andrews,* 91 Cal.App.2d 142 [204 P.2d 655].) So it becomes relatively unimportant whether we are considering the evidence to determine if plaintiff as a matter of law was a passenger, or whether, as is our duty on any appeal, to determine if there is any evidence to support the verdict.

To determine this question we must decide if there is substantial evidence that plaintiff was a guest in the car. Section 403 of the Vehicle Code, in effect, defines a guest as a person who "accepts a ride . . . without giving compensation for such ride." A passenger is one who gives compensation for the ride. As said in *Kruzie* v. *Sanders,* 23 Cal.2d 237 [143 P.2d 704], it is not necessary to constitute compensation that it be established "that the compensation received by the driver was given 'for such ride' in the sense that plaintiff obtained or purchased transportation for some independent purpose of her own. Where the trip was not primarily for a social purpose, it is sufficient to show that defendant was to derive a substantial benefit from the transportation of plaintiff, and the fact that plaintiff received no benefit therefrom is immaterial." (P. 242.) ■ The burden of proving that plaintiff was not a guest was upon plaintiff (*Whittemore* v. *Lockheed Aircraft Corp.,* 65 Cal.App.2d 737 [151 P.2d 670].) There is evidence to support a finding that plaintiff was a passenger

because defendants received a tangible benefit in that they were accommodating him so that more business would be assured them in the future. However, that is not the only conclusion that can be drawn from the evidence. Taking the evidence and the inferences which reasonably can be drawn therefrom, as is our duty (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]), there is sufficient to support the jury's finding that plaintiff was a guest. While plaintiff's testimony showed that the dinner and the taking of plaintiff to meet his train was to further the mutual interests of both plaintiff and defendants, the jury did not necessarily have to believe his testimony. Particularly is this so in view of the fact that although he related the conversation at the dinner in considerable detail, he was confused as to what happened between the time they left the Lambert Tire and Sales Company place and the time they arrived at the restaurant, and he could not remember much of what happened after leaving the restaurant. While Hawkins, due to his injuries, was unable to remember any of the circumstances connected with the dinner or the drive, there was a direct conflict between plaintiff's claim that he was not at defendants' office any time that day and the testimony of the witness Barry who positively testified that plaintiff did come to the office that day. Hawkins testified to the same effect. ▆ The jury could reasonably infer that the business matters were concluded at the office, and that the meeting of the two men at the close of business hours was for social purposes. The fact that plaintiff paid for some of the drinks is a circumstance to be considered in this respect. There was evidence that plaintiff and Hawkins had been acquainted for some time; that plaintiff had been a guest at Hawkins' home. After the accident, plaintiff wrote Hawkins a letter in which he stated: ''It made me feel rather bad to think that you might be crippled for life *when you were just accommodating me* . . .'' (Emphasis added.) ▆ As there was evidence to support a finding that plaintiff was a guest, the case comes within the well established rule in California that whether a person riding in another's car is there for mutual business purposes, for business purposes of the driver, or whether the social events were merely incidental to such purposes, and therefore he is a passenger, or whether the ride was merely a social one, and therefore the person would be a guest, are questions for the jury to determine. (*Darling* v. *Dreamland B. & U. Co.*, 44 Cal.App.2d 253 [112 P.2d 338].)

The fact that the finding that plaintiff was a guest rather than a passenger is supported by the evidence, makes unnecessary a consideration of the issues as to whether, as matters of law, defendants were negligent, or plaintiff was not contributorily negligent or did not assume the risk.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.