[Civ. No. 18256. First Dist., Div. One. Apr. 13, 1959.]

OLIVE CLAPP et al., Respondents, v. MICHAEL HESTER, as Administrator, etc., Appellant.

Ricksen, Freeman, Hogan & Vendt, Carl R. Vendt, Haley, McInerney & Logan and Richard G. Logan for Appellant.

J. Adrian Palmquist and Francis T. Cornish for Respondents.

WOOD (Fred B.), J.—Eugene Fredericks met death in an automobile accident. The car belonged to and was driven by Thomas Hester, who also died as a result of the accident.

Fredericks' mother sued Hester's administrator for the death of her son. Fredericks' administratrix sought recovery of funeral and burial expenses. In support of his appeal from an adverse judgment the defendant assigns but a single error: An instruction to the jury that Fredericks was a passenger and that Hester owed him a duty of ordinary care.

When the guest law (Veh. Code, § 403) is involved a rider claiming the status of passenger has the burden of proving that compensation was given for the ride. (*Martinez* v. *Southern Pac. Co.*, 45 Cal.2d 244, 250 [288 P.2d 868].)

"Where . . . the driver receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence. [Citations.]" (*Whitmore* v. *French*, 37 Cal.2d 744, 746 [235 P.2d 671].) What is such a benefit is well indicated by the following cases: When the rider goes along to assist the driver in loading, tallying weights and using tire chains (*Fedler* v. *Hygelund*, 106 Cal.App.2d 480 [235 P.2d 247]); when he goes for the purpose of assisting the driver in search of a market for the latter's oranges (*Haney* v. *Takakura*, 2 Cal.App.2d 1 [37 P.2d 170, 38 P.2d 160]); when invited by the driver to aid the latter with her Christmas shopping (*Kruzie* v. *Sanders*, 23 Cal.2d 237 [143 P.2d 704]); when a newspaper representative takes a prospective carrier out on a route to acquaint him with his prospective duties (*Sumner* v. *Edmunds*, 130 Cal. App. 770 [21 P.2d 159]); when a real estate broker takes her receptionist out to visit certain properties to enable the latter to familiarize herself with real estate activities, the better to perform the duties of her employment (*Gillespie* v. *Rawlings*, 49 Cal.2d 359 [317 P.2d 601]); when two real estate brokers

go to examine certain property which they expect will enable them to close a deal in which one of them represents the buyer and the other the seller (*Parrett* v. *Carothers,* 11 Cal.App.2d 222 [53 P.2d 1023]); when three appraisers, each engaged by the same loan company to appraise certain property (none of whom can receive his appraisal fee until all three appraisals have been made) travel together in the car of one of them to make an appraisal (*Jensen* v. *Hansen,* 12 Cal.App.2d 678 [55 P.2d 1201]); when three fellow employees take a business trip in the car of one of them, their employer paying the driver mileage for the use of his car; even without such reimbursement, the riders would be deemed passengers (*Thompson* v. *Lacey,* 42 Cal.2d 443 [267 P.2d 1]); when a rider is taken on a business trip to help unload melons (*Christiana* v. *Rattaro,* 81 Cal.App.2d 597 [184 P.2d 682]); when a rider accompanies the driver to guide the latter along the highway (*Lerma* v. *Flores,* 16 Cal.App.2d 128 [60 P.2d 546]); when the rider's presence is desired by the driver to share in the driving (*Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53]).

The question whether such a benefit accrues to the driver is usually a question of fact; "[h]owever, if the admitted facts can give rise to but one reasonable conclusion, the question as to whether or not 'compensation' was given for the ride becomes one of law. [Citations.]" (*Winn* v. *Ferguson,* 132 Cal.App.2d 539, 543 [282 P.2d 515].)

Here, the evidence on this subject, given solely by the defendant Michael Hester and his principal witness, Thomas Wintch, convinces us that the trial judge correctly determined that the only reasonable inference that could be drawn was that compensation was given and that Fredericks was a passenger.

Thomas Hester worked for McGuire and Hester, a construction firm whose office and main yard are in East Oakland. It is a family corporation managed by decedent's brother Michael who, as administrator of Thomas' estate, is the defendant herein.

Michael testified that Thomas had been with him long enough to supervise small jobs. On this occasion someone in the organization had instructed Thomas to pick up a laborer and go out and do a certain job. The superintendent probably gave Thomas such orders.* The witness did not know

---

*Defendant's witness Thomas Wintch testified that Mr. Alrick, the firm's general superintendent, had authority to tell Thomas to pick up a laborer and go out and make those tests.

that of his own knowledge but said "you could say that I assumed they [the orders] had been given." Michael satisfied himself that at the time of the accident Thomas was in the process of going to Antioch to make some test holes for McGuire and Hester. He had with him some tools (an electric motor, augers, wrenches and other tools) of McGuire and Hester, equipment necessary for Thomas to do that job. Thomas needed some help to do this work. He had with him Eugene Fredericks, one of McGuire and Hester's men, a laborer in the firm's employ. Thomas was using his own truck. Michael knew he was using it in the firm's business. It was Thomas' privilege to fill up his gas tank with the firm's gas whenever he wanted to. If he needed oil, he could get oil from the same source.

Thomas Wintch, employed by McGuire and Hester as chief estimator, testified it was necessary to make some soil tests in preparing bids for construction work near Antioch. It was Thomas' job to dig the test holes. Wintch told Thomas to meet him at a certain point near Antioch the next morning at 8 o'clock. Nothing was said about Thomas having anyone with him on the job. Wintch gave Thomas no instructions as to whom he should use. That was left to Thomas' judgment. "[I]f he felt he needed some help he would pick someone." On several prior occasions Thomas had Fredericks on the job with him. On those occasions it was left to Thomas to make the selection.

To test the soil, Thomas had to be out there where the soil was. The trip was necessary for Thomas. Asked if Fredericks just went along for the ride, Wintch said "I would say no; I would say that Mr. Hester asked him to go out to assist him." Thomas "had the right to select anyone he wished to take to Antioch." Wintch knew of no reason why Fredericks would be going to Antioch outside of a business purpose to perform his duties for McGuire and Hester. "To my knowledge he had no other reason."

There was no way of bringing the soil to the firm's main yard to be tested. They had to go to the soil and they needed certain equipment. Wintch assumed they would bring it with them. He assumed Thomas would bring the augers "because those were the tool with which he would perform the soil tests" Thomas knew what to bring. No method of transportation was mentioned. If Thomas had had only a bicycle, McGuire and Hester would have had to take those tools out there

some other way. Wintch might have taken them This whole thing was being done on behalf of McGuire and Hester.

These two men were on their way with one purpose and one purpose only, a business trip on behalf of McGuire and Hester. They would have met Wintch but for the accident, and would have tested the soil. If Fredericks had shown up with Hester, Wintch would have raised no question. He would have let Fredericks do the things Hester told him to do to make the soil test.

This evidence impels the conclusion that this driver and this rider took this trip in the pursuit of a business enterprise in which each was interested, each for himself and for his employer. One benefit to the driver would be the assistance which the rider's services would be to him in making the soil tests. It seems equally apparent that taking the firm's tools and transporting a needed assistant to the field of operation were within the purview of the purposes for which the employer furnished the driver with gas and oil for use in his pick-up truck. The trial judge correctly instructed that Fredericks was a passenger.

Defendant mistakenly relies upon *Benjamin* v. *Rutherford,* 146 Cal.App.2d 561 [303 P.2d 1079], in which this court held it could not be inferred as a matter of law that the rider was a passenger. There was in that case no such specific, positive and uncontradicted evidence of the business nature of the trip and the benefits accruing to the defendant as in this case.

The judgment is affirmed.

Bray, Acting P. J., and Hanson, J. pro tem.,* concurred.

A petition for a rehearing was denied May 6, 1959, and appellant's petition for a hearing by the Supreme Court was denied June 3, 1959.

---

*Assigned by Chairman of Judicial Council.