[Civ. No. 6094.   Fourth Dist.   June 16, 1960.]

AILISON BOWMAN et al., Appellants, v. BOBBIE JOE COLLINS et al., Defendants; ELIZABETH WILSON FARRAR, Respondent.

Stammer, McKnight & Barnum and Joseph L. Joy for Appellants.

Manfredo, Best & Forbes for Respondent.

COUGHLIN, J.—On December 4, 1957, Ailison Bowman, hereinafter referred to as "plaintiff," sustained serious injuries as the result of a collision between an automobile owned and operated by the defendant Farrar, in which the plaintiff was riding, and an automobile operated by a person named Collins, who is not now a party to this action. A covenant not to sue was executed by plaintiffs in favor of Collins upon the payment of $50,000. The complaint herein was based on negligence, and to state a cause of action under the provisions of the "guest law," i.e., section 403 of the Vehicle Code, alleged that the plaintiff was a passenger for compensation in the automobile of defendant Farrar. The plaintiffs contend that the evidence establishes this allegation as a matter of law and, at the trial, requested the court to instruct the jury accordingly; the court refused; the issue was submitted to the jury for its determination; and a verdict in favor of said defendant ensued. From a judgment on this verdict the plaintiffs appeal contending that the refusal to give the requested instruction was error. Hereinafter, the respondent Farrar will be referred to as the "defendant."

It is error to submit to a jury as a question of fact an issue which is determinable as a matter of law under the evidence. (*Huebotter* v. *Follett*, 27 Cal.2d 765, 770 [167 P.2d 193]; *Baker* v. *Novak*, 144 Cal.App.2d 514, 515 [301 P.2d 257].) As a consequence, under the circumstances of this case, the sole question on this appeal is whether the evidence establishes as a matter of law that the plaintiff was a passenger for compensation, as distinguished from a guest, within the meaning of section 403 of the Vehicle Code.

■ If there is any substantial evidence in the record, either direct or indirect, from which it reasonably may be concluded that plaintiff was not a passenger, the issue thus presented is not one of law. (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 248 [288 P.2d 868].) ■ Unless the evidence, including the reasonable inferences which may be drawn from the testimony, admits of but a single conclusion the question presented is one of fact and not of law. (*Clapp* v. *Hester*, 169 Cal.App.2d 558, 560 [337 P.2d 525]; *Ray* v. *Hanisch*, 147 Cal.App.2d 742, 750 [306 P.2d 30]; *Benjamin* v. *Rutherford*, 146 Cal.App.2d 561, 562 [303 P.2d 1079]; *Winn* v. *Ferguson*, 132 Cal.App.2d 539, 543 [282 P.2d 515].) ■ When conflicting interpretations of the testimony or conflicting inferences which reasonably may be drawn therefrom support prospective opposite conclusions, the issue presented is one for the jury as a question of fact. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]; *Juchert* v. *California Water Service Co.*, 16 Cal.2d 500, 508 [106 P.2d 886]; *Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598, 602 [86 P.2d 829]; *State* v. *Day*, 76 Cal.App.2d 536, 549 [173 P.2d 399]; *Garland* v. *Hirsh*, 74 Cal.App.2d 629, 636 [169 P.2d 405].) The evidence in the record before us must be considered in the light of these time-honored rules. (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 248 [288 P.2d 868].)

At the time of the accident in question plaintiff and defendant were on their way to a roller skating rink to supervise skating activities sponsored by the Girl Scouts. The plaintiff had been interested in this organization ever since her oldest daughter started as a Brownie; a period of about 20 years; during the last five thereof she was a troop leader. As such, her duties generally were to supervise the activities of a Scout troop of which her youngest daughter was a member. The defendant and a Mrs. Simmons were assistant troop leaders of the same troop and each of them had a daughter who was a member thereof. In October of 1957 these three ladies, together with the mothers of other girls in the troop, met at defendant's home and planned their troop's Scouting program for the coming year. Among other things, it was decided that the defendant and Mrs. Simmons, who had automobiles, would furnish transportation for the girls living in their respective neighborhoods in order that they might attend the Scout meetings or other planned activities. As the plaintiff had no automobile, she was included in these arrangements and, being in the defendant's neighborhood,

rode in the defendant's automobile in order to attend these various functions. As a part of the planned program, several of the girls in the troop were taken to a roller skating rink to enable them to earn merit badges in Scouting.

On the day of the accident the defendant and her daughter first picked up the plaintiff; then two other girls; and the five of them proceeded to the skating rink. The plaintiff and the defendant occupied the front seat of the automobile while the three girls occupied the back seat. On the way the accident happened.

Relying upon testimony by the defendant, the plaintiffs contend that the Scouting program including the skating activity in question, was beneficial to the defendant's daughter; that she desired to promote this program because it was beneficial to her daughter; that the plaintiff's participation therein promoted the program; that the defendant's only purpose in furnishing transportation to the plaintiff was to enable the latter to participate in and thus promote the program; that such participation constituted a tangible benefit to the defendant who was desirous of promoting an activity which was beneficial to her daughter; that the benefit so received by the defendant was a motivating influence for furnishing transportation to the plaintiff; and, therefore, under well-settled rules, the plaintiff was a passenger for compensation. This contention, in a measure, is based upon plaintiffs' interpretation of the testimony. As a part of her testimony the defendant agreed with plaintiffs' counsel that she furnished plaintiff transportation in order that plaintiff might participate in the Scouting activities and that she and her daughter were benefited by this participation, but stated that she did not give this matter any thought when offering to give the plaintiff a ride in her automobile; that she believed she "was helping by driving"; that anything she did was for the benefit of the troop; and that all of it was connected with Scouting.

The plaintiff testified that her participation in Scouting work was voluntary and without pay; that the defendant and Mrs. Simmons served on the same basis; that she did not consider she was giving any compensation for the ride offered her by the defendant; that she would have rendered the same service to each of the girls in the troop whether or not she had been furnished the transportation, although without transportation she would not have been able to attend; that all of the girls were treated the same and she did not give

the defendant's daughter any special attention because of the transportation furnished; that her participation was a part of "Girl Scouting"; and that she felt the defendant was doing the hospitable thing and rendering her a favor in giving her a ride.

A passenger, as distinguished from a guest, within the meaning of section 403 of the Vehicle Code,* is one who gives compensation for a ride. (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 248 [288 P.2d 868]; *Humphreys* v. *San Francisco Area Council*, 22 Cal.2d 436, 441 [139 P.2d 941]; *Shapiro* v. *Bookspan*, 155 Cal.App.2d 353, 357 [318 P.2d 123]; *Follansbee* v. *Benzenberg*, 122 Cal.App.2d 466, 471 [265 P.2d 183, 42 A.L.R.2d 832].) In resolving an issue created by this distinction, the inquiry is whether or not some tangible benefit motivated the driver to furnish the transportation to the rider. The determinative factors in such an inquiry concern the nature of that benefit and its effect upon the transaction which resulted in furnishing the ride. This benefit has been judicially referred to as "a tangible benefit, monetary or otherwise" (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 250-253 [288 P.2d 868]; *Whitmore* v. *French*, 37 Cal.2d 744, 746 [235 P.2d 3, 671]; *Clapp* v. *Hester*, 169 Cal.App.2d 558, 559 [337 P.2d 525]; *Shapiro* v. *Bookspan*, 155 Cal.App.2d 353, 357 [318 P.2d 123]); as a "special tangible benefit" (*McCann* v. *Hoffman*, 9 Cal.2d 279, 286 [70 P.2d 909]); and as a "substantial benefit". (*Kruzie* v. *Sanders*, 23 Cal.2d 237, 242 [143 P.2d 704]; *Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 251 [288 P.2d 868].) Such a benefit may be anticipated or prospective as well as immediate or direct. (*Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 251 [288 P.2d 868].) Exhaustive factual analyses of cases considering situations constituting compensation within the rule are set forth in *Gillespie* v. *Rawlings*, 49 Cal.2d 359, 365 [317 P.2d 601], and *Clapp* v. *Hester*, 169 Cal.App.2d 558, 559 [337 P.2d 525]. None of the cases reviewed, however, presents facts similar to those in the case at bar.

The effect that a benefit has upon a transaction which results in furnishing transportation, in order to qualify the benefit as compensation under the rule, has been variously described. It has been stated that the effect in question must be "*a* motivating influence" (emphasis added) (*Whitmore* v. *French*, 37 Cal.2d 744, 746 [235 P.2d 3, 671]; *Clapp* v.

*Reporter's Note: Numbering prior to 1959 recodification.

*Hester,* 169 Cal.App.2d 558, 559 [337 P.2d 525]; *Shapiro* v. *Bookspan,* 155 Cal.App.2d 353, 357 [318 P.2d 123]); "*the* moving influence" (emphasis added) (*McCann* v. *Hoffman,* 9 Cal.2d 279, 286 [70 P.2d 909]); "the principal inducement" (*Gillespie* v. *Rawlings,* 49 Cal.2d 359, 364 [317 P.2d 601]); "a moving cause" (*Gillespie* v. *Rawlings,* 49 Cal.2d 359, 364 [317 P.2d 601]; *Baker* v. *Novak,* 144 Cal. App.2d 514, 520 [301 P.2d 257]); and "motivating influences of a substantial character." (*Thompson* v. *Lacey,* 42 Cal.2d 443, 447 [267 P.2d 1].) [3] It is our conclusion that, to be effective, although the receipt or prospective receipt of a tangible benefit need not be the sole motivating cause for furnishing the ride (*Thompson* v. *Lacey,* 42 Cal.2d 443, 447 [267 P.2d 1]), it must be more than a mere incident to the transaction (*McCann* v. *Hoffman,* 9 Cal.2d 279, 286 [70 P.2d 909]), and not some "minor consideration." (*Baker* v. *Novak,* 144 Cal.2d 514, 520 [301 P.2d 257].)

The plaintiff rode with the defendant in accord with the arrangement made at the meeting between the Scout leaders and the Scout mothers setting up the yearly program. The plaintiff, the defendant, and Mrs. Simmons contributed their services to a worthy cause. In addition, the defendant and Mrs. Simmons contributed the use of their automobiles to the same cause. It is well known that those who share the burdens and responsibilities of the Girl Scouts of America do so in grateful acknowledgment of the laudable aims of that organization, attainable only through the cooperative efforts of public-spirited citizens. The jury was not required to find that those who participate in such an endeavor are activated by mercenary, selfish or self-centered motives. The defendant furnished transportation services to effect the program agreed upon by the Scout leaders and the Scout mothers. Her purpose in doing so was the advancement of a common cause. Whether those services involved the transportation of plaintiff's daughter, as a Scout, or the transportation of plaintiff as a Scout leader, the purpose was the same. The evidence supports the conclusion that the advancement of this common cause motivated the defendant to furnish transportation to the plaintiff; that any benefit which the defendant received from the Scouting program was not a motivating influence for her participation in that program; that any benefit which the defendant may have received from plaintiff's participation in the Scouting activities or the skating

program was merely incidental to the pursuit of a common purpose which required the rendition of transportation services, and was not the motivating influence for the services so rendered by defendant; that, in agreeing to furnish transportation for plaintiff, the defendant was discharging her voluntarily assumed obligation to Scouting and was conferring a favor upon the plaintiff by enabling her, likewise, to discharge a voluntarily assumed obligation to Scouting. A primary policy underlying the guest statutes "is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver" (*Kruzie* v. *Sanders*, 23 Cal.2d 237, 242 [143 P.2d 704]; *Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 253 [288 P.2d 868]); and "there is no compensation if the transportation is intended and received as a mere gratuity." (*Humphreys* v. *San Francisco Area Council*, 22 Cal.2d 436, 442 [139 P.2d 941].) The record supports an obvious inference that the defendant furnished the transportation in question as a gratuity; a contribution to the cause of Scouting; an expression of her devotion to the Girl Scouts; and to effectuate the program agreed upon at the annual planning session. The plaintiff accepted the ride as a gratuity; as a favor from the defendant; as the result of a hospitable, friendly relationship; and not as a compensation for services rendered.

The plaintiffs cannot find support for their position in cases which consider the adequacy of a benefit to meet the "motivating influence" requirement, where the ride was furnished in conjunction with a business trip (*Gillespie* v. *Rawlings*, 49 Cal.2d 359 [317 P.2d 601]), or in consideration of part payment of the expenses of a pleasure trip (*Whitmore* v. *French*, 37 Cal.2d 744 [235 P.2d 3, 671]), or as part of a joint business undertaking (*Thompson* v. *Lacey*, 42 Cal.2d 443 [267 P.2d 1]), or at the request and for the convenience or accommodation of the driver. (*Kruzie* v. *Sanders*, 23 Cal.2d 237 [143 P.2d 704].) The defendant did not undertake the skating rink trip for a business purpose; plaintiff was not her employee; the relationship between the parties was not one of a business nature; there was no agreement between them that the plaintiff should attend the skating event; the defendant did not ask the plaintiff to accompany her nor solicit plaintiff's participation in the Scouting program or activities; and defendant did not suggest to plaintiff that if the plaintiff would attend the skating classes and supervise

the girls, the defendant would furnish transportation to the rink.

The fact that defendant testified that she and her daughter received a benefit from these activities and that she was interested in them because of the benefit her daughter received therefrom, and acknowledged that she and her daughter also benefited from the plaintiff's presence at the skating rink, although she had given the matter no thought, did not preclude the jury from concluding that these benefits were not a motivating influence in furnishing transportation to the plaintiff. It might be said that the defendant did not furnish the plaintiff with a ride but rather that she permitted the plaintiff to ride with her.

In addition, the evidence indicates that the skating activity would have proceeded even though plaintiff had not attended. Mrs. Simmons and the defendant were assistant Scout leaders and their attendance would have been sufficient compliance with Scouting regulations to permit the activity to continue without the presence of the plaintiff. On occasions, because of the illness of her children, the plaintiff had not attended the Scout meetings. It is reasonable to conclude that the plaintiff's attendance at the skating rink was not a tangible benefit to the defendant.

The passenger-guest issue was properly submitted to the jury for determination.

The judgment is affirmed.

Shepard, Acting P. J., concurred.